EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>William López Méndez | 2016 TSPR 248<br><br>196 DPR ____ |

Número del Caso: AB-2014-483
                 AB-2015-352

Fecha: 7 de diciembre de 2016

Materia: La suspensión será efectiva el 13 de diciembre de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

William López Méndez

Núm. AB-2014-483
AB-2015-352

Queja

(TS-15,735)

PER CURIAM

En San Juan, Puerto Rico, a 7 de diciembre de 2016.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión legal que en reiteradas ocasiones, y por separado, incumplió con las órdenes de este Tribunal. Veamos.

I.

El licenciado William López Méndez fue admitido al ejercicio de la abogacía el 31 de enero de 2006 y al ejercicio de la notaría el 28 de febrero del mismo año. En contra de éste se presentaron dos quejas por alegada negligencia en el desempeño de sus funciones, las cuales atenderemos en conjunto.

Así las cosas, procedemos a exponer el contenido y trámite procesal de ambas quejas por separado.

**Queja AB-2014-483**

El 18 de diciembre de 2014, el señor Luis E. Matos Román (en adelante "señor Matos Román") presentó una queja en contra del licenciado López Méndez en la que solicitó, entre otras cosas, que se realizara una investigación en contra de éste último, ya que alegadamente había abandonado sus responsabilidades profesionales, no lo representó adecuadamente y no le había devuelto la cantidad de mil dólares ($1,000.00) que le fueran pagados por concepto de honorarios de abogado, a pesar de haberse comprometido a hacerlo.

En esencia, el señor Matos Román alegó haber contratado al licenciado López Méndez para que le realizara ciertas gestiones tras el fallecimiento de su padre en Puerto Rico. Específicamente, el licenciado López Méndez venía obligado a realizar los trámites necesarios para que el quejoso pudiera continuar realizando pagos de una hipoteca de una propiedad de su fenecido padre y, asimismo, para que el quejoso obtuviera la tutela de su hermana. El señor Matos Román alega que el licenciado López Méndez nunca realizó gestión alguna y tampoco renunció oportunamente en el pleito incoado por este último en cuanto al asunto de la tutela. Ello, a pesar de que el señor Matos Román tuvo que contratar los servicios de otro abogado.

El 4 de enero de 2015, este Tribunal le envió una comunicación al licenciado López Méndez, en la que le

concedió un término de diez (10) días para que presentara su contestación a la queja presentada. El licenciado López Méndez no compareció, por lo que el 6 de julio de 2015 se le remitió una segunda comunicación en la que se le concedía un término de diez (10) días para que compareciera con sus comentarios y reacciones por escrito en torno a la queja en cuestión. Nuevamente, el licenciado no compareció ante nos.

Así pues, el 26 de agosto de 2015 emitimos una *Resolución* en la que le concedimos al licenciado López Méndez un término final de cinco (5) días, contados a partir de la notificación de la *Resolución*, para que compareciera ante este Tribunal y contestara la queja presentada en su contra. En la referida *Resolución* se le apercibió de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. A esta última, tampoco respondió.

### Queja AB-2015-352

Por otra parte, el 29 de septiembre de 2015, el señor Eliezer Chardón Vázquez (en adelante "el señor Chardón Vázquez") presentó, por separado, una queja ante este Tribunal en contra del licenciado López Méndez en la que alegó que, en relación a unas escrituras, el letrado recibió unas notificaciones de faltas por parte del Registrador de la Propiedad, las cuales no se corrigieron a tiempo, ocasionando que caducara el asiento. Por lo

tanto, el señor Chardón Vázquez quedó impedido de realizar transacción alguna con la propiedad debido a la falta de tracto registral.

El 8 de octubre de 2015, este Tribunal le envió una comunicación -- fechada al 6 de octubre de 2016 -- al licenciado López Méndez, en la que le concedió un término de diez (10) días para contestar la queja presentada en su contra. Dicha comunicación fue enviada a la dirección oficial de notificaciones del licenciado López Méndez que está activa en nuestro Registro Único de Abogados y Abogadas (RUA). La misma fue devuelta por el correo postal y recibida en este Tribunal el 4 de marzo de 2016.

Tras no recibir contestación oportuna por parte del licenciado López Méndez, el 28 de diciembre de 2015, le enviamos una segunda notificación en la que le concedimos diez (10) días para que presentara su contestación a la queja. Una vez más, el licenciado López Méndez no compareció.

Así las cosas, el 22 de abril de 2016 emitimos una *Resolución* en la que le concedimos un término final e improrrogable de cinco (5) días para que compareciera ante este Tribunal y contestara la queja presentada en su contra.

Respecto a ésta, el 27 de abril de 2016, el licenciado Juan E. Dávila Rivera, Secretario del Tribunal Supremo, nos remitió un diligenciamiento negativo. El Secretario nos informó que personalmente visitó la

residencia del licenciado López Méndez, en Caguas, Puerto Rico, donde se percató, junto al alguacil que lo acompañaba, que la misma estaba abandonada desde, aproximadamente, el 26 de agosto de 2015. A pesar de todos los intentos realizados por este Tribunal, el licenciado López Méndez no ha comparecido en ninguno de los procedimientos en su contra.

Es, precisamente, a la luz del marco fáctico y procesal antes expuesto que procedemos a resolver este asunto sin ulterior trámite.

## II.

Como es sabido, los cánones de ética profesional buscan promover el ejercicio profesional y personal del abogado a tono con los más altos principios de conducta decorosa, lo que redunda en beneficio de la profesión, de la ciudadanía y de las instituciones de justicia del país. *In re Suárez Jiménez*, 192 DPR 152 (2014); *In re Castro Coln*, 177 DPR 333 (2009); *In re Izquierdo Stella*, 154 DPR 732 (2001).

En particular, y en lo pertinente al caso que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, puntualiza que todo abogado "*debe observar para con los tribunales una conducta que se caracterice por el mayor respeto*". *In re Montalvo Delgado*, 2016 TSPR 223, 196 DPR\_\_\_(2016); *In re Torres Rodríguez*, 188 DPR 304 (2013); *In re Cuevas Borrero*, 185 DPR 189, 196 (2012). Así pues, y como corolario del respeto profundo que deben tener

los abogados y abogadas hacia el foro judicial, dicho canon les ordena comparecer a los señalamientos notificados por el tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Nieves Nieves*, 181 DPR 25 (2011). *Véase* además *In re Otero Fernández*, 145 DPR 582 (1998). Lo anterior incluye el deber de todo abogado o abogada de responder con diligencia los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. *In re Pacheco Pachecho*, 192 DPR 553 (2015); *In re Rivera Navarro, supra; In re Irizarry Irizarry*, 190 DPR 368 (2014).

En esa dirección, hemos señalado que procede la suspensión del ejercicio de la abogacía cuando se desatienden los requerimientos formulados por este Tribunal y los abogados o abogadas se muestran indiferentes ante nuestros apercibimientos de imponerles sanciones. *In re Pérez Román*, 191 DPR 186 (2014); *In re Betancourt Medina*, 183 DPR 821 (2011); *In re Lloréns Sar*, 170 DPR 198 (2007).

Y es que la naturaleza de la función del abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal; particularmente cuando se trata de procedimientos relacionados con su conducta profesional. *In re Rivera Trani*, 188 DPR 545 (2013); *In re García Incera*, 177 DPR 329 (2010); *In re Colón Rivera*, 180 DPR 440 (2007). Desatender las órdenes judiciales constituye, pues, un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, *supra*.

*In re Pestaña Segovia,* 192 DPR 485 (2015); *In re García Incera*, *supra*; *In re Maldonado Rivera*, 147 DPR 380 (1999).

### III.

Cónsono con lo anterior, y en aras de garantizar que los miembros de la profesión legal atiendan con la premura requerida las comunicaciones de este Foro, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, impone la obligación a todo abogado y abogada de mantener sus datos actualizados en RUA. *In re Ramos Fernández*, 2016 TSPR 127, 195 DPR___(2016); *In re Cepero Rivera*, 193 DPR 1021 (2015); *In Re López González*, 2015 TPR 107, 193 DPR___(2015). "El fiel cumplimiento con este precepto reglamentario garantiza el ejercicio eficaz de nuestra facultad de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales, es decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan". *In re Marichal Morales*, 2016 TSPR 115, 195 DPR___(2016); *In re Ezratty Samo*, 2016 TSPR 19, 195 DPR___(2016); *In re Guzmán Ortiz*, 2015 TSPR 106, 193 DPR___(2015).

Cuando un miembro de la profesión legal incumple con esta obligación, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re Torres Martínez*, 192 DPR 291 (2015); *In re Arroyo Acosta*, 192 DPR 848 (2015); *In re Arroyo Rosado,* 191 DPR 241 (2014). El incumplimiento con esta obligación, además, constituye fundamento suficiente

e independiente para decretar la separación inmediata del ejercicio de la abogacía. *In re Ramos Fernández*, 2016 TSPR 127, 195 DPR___(2016); *In re Cepero Rivera*, 193 DPR 1021 (2015); *In re Toro Soto*, 181 DPR 654 (2011).

### IV.

En lo que respecta al caso de autos, como pudimos apreciar, el licenciado López Méndez, **en dos instancias distintas**, ha hecho caso omiso a nuestras órdenes. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta para con el Tribunal. Dicho de otro modo, ha abandonado los procedimientos disciplinarios en su contra, sin más.

Además, no ha actualizado su información y dirección residencial en RUA. Dicho proceder también ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria.

En fin, la conducta desplegada por el licenciado López Méndez, sin lugar a dudas constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone al licenciado López Méndez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y

certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial del abogado suspendido y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

William López Méndez

Núm. AB-2014-483      Queja
AB-2015-352

(TS-15,735)

SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. William López Méndez inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone al licenciado López Méndez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial del abogado suspendido y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        Juan Ernesto Dávila Rivera
                                        Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

William López Méndez

AB-2014-483   *Queja*
AB-2015-352

(TS-15,735)

*Nunc pro tunc*
RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2017.

Se enmienda *nunc pro tunc* la primera oración del último párrafo de la página cuatro (4) de la Opinión *Per Curiam* emitida en el caso de epígrafe el cual debe leer de la siguiente manera:

"Respecto a ésta, el 27 de abril de 2016, el licenciado Juan E. Dávila Rivera, Secretario del Tribunal Supremo nos remitió un diligenciamiento negativo, presentado por la Oficina de Alguaciles del Tribunal Supremo donde se hizo constar que se visitó la residencia del licenciado López Méndez, en Caguas, Puerto Rico, y que la misma estaba abandonada desde, aproximadamente, el 26 de agosto de 2015".

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo