50

*In re* D<small>INORAH</small> B<small>URGOS</small> G<small>ARCÍA</small>, querellado.

*Números:* AB-2016-302    *Resueltos:* 11 de mayo de 2017
AB-2016-347
AB-2017-027

*Patricia Otón Olivieri*, abogada de la parte querellada; *Dinorah Burgos García, pro se.*

PER CURIAM: Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a una miembro de la profesión legal que, en reiteradas ocasiones, incumplió con las órdenes de este Tribunal. Veamos.

I

La licenciada Dinorah Burgos García fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y al ejercicio de la notaría el 16 de agosto de 1999. En contra de ésta, y por separado, se presentaron tres quejas por alegada negligencia en el desempeño de sus funciones.

A continuación procedemos a exponer el contenido y trámite procesal de cada una de esas quejas que atenderemos en conjunto.

*Queja AB-2016-0302*

El 5 de octubre de 2016, el Sr. Carmelo Rivera Pérez y la Sra. Rosa María González Flores presentaron una queja contra la licenciada Burgos García en la que solicitaron, entre otras cosas, la ayuda de este Foro para localizar a la letrada, ya que supuestamente había abandonado sus responsabilidades profesionales y no había realizado la labor para la cual fue contratada, a pesar de habérsele pagado $150 al inicio de la relación profesional.

En esencia, el señor Rivera Pérez y la señora González Flores alegan haber contratado a la licenciada Burgos García para gestionar en el Registro Demográfico de Puerto Rico una corrección al nombre de la señora González Flores, tanto en el certificado de nacimiento como en el certificado de matrimonio. No obstante, alegan éstos que la licenciada Burgos García nunca realizó gestión alguna y tampoco se comunicó con ellos para informarles sobre el estado del asunto. Asimismo, alegan que intentaron comu-

nicarse con la abogada en varias ocasiones, pero que no lograron localizarla.

El 12 de octubre de 2016, este Tribunal le envió una comunicación a la licenciada Burgos García, en la que le concedió un término de diez días para que presentara su contestación a esta queja. La licenciada Burgos García no compareció, por lo que el 17 de noviembre de 2016 se le remitió una segunda comunicación en la que se le concedía un nuevo término de diez días para que compareciera con su contestación por escrito en torno a la queja en cuestión. Nuevamente, la licenciada no compareció ante nos.

Así pues, el 7 de febrero de 2017 emitimos una Resolución en la que le concedimos a la licenciada Burgos García un término final de cinco días, contados a partir de la notificación de la Resolución, para que compareciera ante este Tribunal y contestara la queja presentada en su contra. En la referida Resolución —la cual fue diligenciada personalmente— se le apercibió de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. La letrada tampoco respondió.

*Queja AB-2016-0347*

Por otra parte, el 10 de noviembre de 2016, el Sr. Juan J. Vega Jauridez y la Sra. Madeline Merced Colón presentaron sus respectivas quejas, por separado, contra la licenciada Burgos García. En síntesis, ambos alegaron que, a pesar de habérsele otorgado una suma de dinero para ello, la abogada nunca presentó ante el foro primario una demanda por impericia médica para la cual fue contratada y, además, que dejó de comunicarse con el señor Vega Jauridez y con la señora Merced Colón. La señora Merced Colón alegó que si perdió la oportunidad de presentar el caso, ello se debió a la irresponsabilidad de la licenciada Burgos García.

El 29 de noviembre de 2016, este Tribunal le envió una comunicación a la licenciada Burgos García, en la que le

concedió un término de diez días para contestar la queja presentada en su contra. Sin embargo, la licenciada Burgos García no compareció, por lo que el 26 de enero de 2017 se le remitió una segunda comunicación en la que se le concedió un término final de diez días para que compareciera con su contestación en torno a la referida queja. Una vez más, la licenciada no compareció ante nos.

*Queja AB-2017-0027*

Por último, el 31 de enero de 2017, la Sra. Matilde Rosario Núñez presentó una queja contra la licenciada Burgos García en la que alegó que la licenciada Burgos García no responde a sus comunicaciones y que no le ha informado sobre el estado del caso para el cual fue contratada, relacionado éste con un asunto hereditario. Asimismo, la señora Rosario Núñez solicitó a este Tribunal que ordenáramos a la licenciada Burgos García que se comunicara con ésta y le informara sobre los pormenores del caso.

El 8 de febrero de 2017 este Tribunal le envió una comunicación a la licenciada Burgos García en la que le concedió un término de diez días para contestar la queja presentada en su contra. No obstante, la abogada no compareció. Así las cosas, el 23 de febrero de 2017 se le remitió una segunda notificación, en la que se le concedió un término final de diez días, a partir de la notificación de tal comunicación, para que compareciera por escrito con su contestación a la queja. Nuevamente, la licenciada no compareció.

Es, pues, a la luz del marco fáctico y procesal antes expuesto que procedemos a resolver este asunto sin trámite ulterior.

## II

Como es sabido, las normas de conducta que rigen a las y los miembros de la profesión legal, contenidas en los cánones del Código de Ética Profesional, buscan promover el

ejercicio profesional y personal del abogado y la abogada a tono con los más altos principios de conducta decorosa. *In re Suárez Jiménez*, 192 DPR 152 (2014); *In re Castro Colón*, 177 DPR 333 (2009); *In re Izquierdo Stella*, 154 DPR 732 (2001). Ello, a su vez, redunda en beneficio de la profesión, de la ciudadanía y de nuestras instituciones de justicia. *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, supra.

■ A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado y abogada *"debe observar para con los tribunales una conducta que se caracterice por el mayor respeto"*. (Énfasis suplido). Véanse: *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Asimismo, como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el referido canon les ordena comparecer a los señalamientos notificados por el tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Nieves Nieves*, 181 DPR 25 (2011). Véase, además, *In re Otero Fernández*, 145 DPR 582 (1998). Tal deber incluye, necesariamente, que todo abogado y toda abogada responda con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente, los relacionados con los procedimientos disciplinarios. *In re López Méndez*, supra; *In re Rivera Navarro*, supra; *In re Pacheco Pacheco*, 192 DPR 553 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

■ En ese sentido, hemos señalado en más de una ocasión que cuando se desatienden los requerimientos formulados por este Tribunal y los abogados o las abogadas se muestran indiferentes ante nuestros apercibimientos de imponerles sanciones, procede la suspensión del ejercicio de la abogacía. *In re Pérez Román*, 191 DPR 186 (2014); *In re Betancourt Medina*, 183 DPR 821 (2011); *In re Lloréns Sar*, 170 DPR 198 (2007). Y es que este Foro ha sido enfá-

tico al no tolerar la actitud de indiferencia por parte de un miembro de la profesión a nuestras órdenes, señalamientos o requerimientos. *In re Franco Rivera*, supra; *In re García Aguirre*, 190 DPR 539 (2014); *In re López González*, 189 DPR 581 (2013).

■ Así, pues, la desatención a las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y, a su vez, constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re López Méndez*, supra; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re García Incera*, 177 DPR 329 (2009); *In re Maldonado Rivera*, 147 DPR 380 (1999).

Es precisamente a la luz del marco jurídico antes expuesto que procedemos a disponer del proceso disciplinario ante nuestra consideración.

III

En este caso, según surge del tracto aquí reseñado, en tres causas distintas (AB-2016-0302, AB-2016-0347 y AB-2017-0027) —en las cuales se cuestiona su desempeño como miembro de la profesión legal— la licenciada Burgos García ha hecho caso omiso a nuestras órdenes de responder a los señalamientos en su contra, mostrándose así indiferente a nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta displicente para con este Tribunal. Es decir, no ha comparecido de forma alguna ante este Foro, a pesar de las múltiples oportunidades que ha tenido para ello. No albergamos duda que la conducta desplegada por la abogada exhibe descuido y refleja una patente falta de interés en continuar ejerciendo la profesión. Esta conducta constituye un desagravio a la autoridad de este Tribunal y, a su vez, infringe el Canon 9 del Código de Ética Profesional, *supra*.

En vista de ello, *se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se impone a*

*la licenciada Burgos García el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Finalmente, el Alguacil de este Tribunal debe incautar la obra y el sello notarial de la abogada suspendida y los entregará al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Notifíquese personalmente.*

*Se dictará sentencia de conformidad.*