EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 77 |
| Dinorah Burgos García (TS-9232) | 198 DPR ____ |

Número del Caso: AB-2016-302
AB-2016-347
AB-2017-27

Fecha: 11 de mayo de 2017

Abogado del Promovido

Por derecho Propio

Materia: Conducta Profesional – La suspensión será efectiva el 18 de mayo de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    AB-2016-302
Dinorah Burgos García              AB-2016-347
    (TS-9232)                      AB-2017-027

PER CURIAM

En San Juan, Puerto Rico, a 11 de mayo de 2017.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a una miembro de la profesión legal que, en reiteradas ocasiones, incumplió con las órdenes de este Tribunal. Veamos.

I.

La licenciada Dinorah Burgos García fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y al ejercicio de la notaría el 16 de agosto de 1999. En contra de ésta, y por separado, se presentaron tres quejas por alegada negligencia en el desempeño de sus funciones, las cuales atenderemos en conjunto.

A continuación, procedemos a exponer el contenido y trámite procesal de cada una de esas quejas.

**Queja AB-2016-0302**

El 5 de octubre de 2016, el señor Carmelo Rivera Pérez (en adelante, "señor Rivera Pérez") y la señora Rosa María González Flores (en adelante, "señora González Flores") presentaron una queja en contra de la licenciada Burgos García en la que solicitaron, entre otras cosas, ayuda de este Foro para localizar a la letrada, ya que supuestamente había abandonado sus responsabilidades profesionales y no había realizado la labor para la cual fue contratada, a pesar de haberle pagado la cantidad de ciento cincuenta dólares ($150.00) al inicio de la relación profesional.

En esencia, el señor Rivera Pérez y la señora González Flores alegan haber contratado a la licenciada Burgos García para gestionar, en el Registro Demográfico de Puerto Rico, una corrección al nombre de la señora González Flores tanto en el certificado de nacimiento como en el certificado de matrimonio. No obstante, alegan éstos que la licenciada Burgos García nunca realizó gestión alguna y tampoco se comunicó con éstos para informarles sobre el estado del asunto. Asimismo, alegan que intentaron comunicarse con la abogada en varias ocasiones, pero no lograron localizarla.

El 12 de octubre de 2016, este Tribunal le envió una comunicación a la licenciada Burgos García, en la que le concedió un término de diez (10) días para que presentara su contestación a la queja presentada. La licenciada Burgos García no compareció, por lo que el 17 de noviembre de 2016 se le remitió una segunda comunicación en la que se le concedía un nuevo término de diez (10) días para que compareciera con su contestación por escrito en torno a la queja en cuestión. Nuevamente, la licenciada no compareció ante nos.

Así pues, el 7 de febrero de 2017 emitimos una *Resolución* en la que le concedimos a la licenciada Burgos García un término final de cinco (5) días, contados a partir de la notificación de la *Resolución*, para que compareciera ante este Tribunal y contestara la queja presentada en su contra. En la referida *Resolución* -- la cual fue diligenciada personalmente -- se le apercibió de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. A esta última, la letrada tampoco respondió.

**Queja AB-2016-0347**

Por otra parte, el 10 de noviembre de 2016, el señor Juan J. Vega Jauridez (en adelante, "señor Vega Jauridez") y la señora Madeline Merced Colón (en adelante, "señora Merced Colón") presentaron sus

respectivas quejas, por separado, contra la licenciada Burgos García. En síntesis, ambos alegaron, respectivamente, que, a pesar de habérsele otorgado una suma de dinero para ello, la abogada nunca presentó ante el foro primario una demanda por impericia médica para la cual fue contratada y, además, dejó de comunicarse con el señor Vega Jauridez y la señora Merced Colón. La señora Merced Colón alegó que si perdió la oportunidad de presentar el caso, ello se debió a la irresponsabilidad de la licenciada Burgos García.

El 29 de noviembre de 2016, este Tribunal le envió una comunicación a la licenciada Burgos García, en la que le concedió un término de diez (10) días para contestar la queja presentada en su contra. Sin embargo, la licenciada Burgos García no compareció, por lo que el 26 de enero de 2017 se le remitió una segunda comunicación en la que se le concedió un término final de diez (10) días para que compareciera con su contestación en torno a la referida queja. Una vez más, la licenciada no compareció ante nos.

**Queja AB-2017-0027**

Por último, el 31 de enero de 2017, la señora Matilde Rosario Núñez (en adelante, "señora Rosario Núñez") presentó una queja contra la licenciada Burgos García en la que alegó que la licenciada Burgos García no responde a sus comunicaciones y no le ha informado sobre

el estado del caso para el que fue contratada, relacionado a un asunto hereditario. Asimismo, la señora Rosario Núñez solicitó a este Tribunal que ordenáramos a la licenciada Burgos García comunicarse con ésta e informarle sobre los pormenores del caso.

El 8 de febrero de 2017, este Tribunal le envió una comunicación a la licenciada Burgos García, en la que le concedió un término de diez (10) días para contestar la queja presentada en su contra. No obstante, la abogada no compareció. Así las cosas, el 23 de febrero de 2017 se le remitió una segunda notificación en la que se le concedió un término final de diez (10) días, a partir de la notificación de tal comunicación, para que compareciera por escrito con su contestación a la queja. Nuevamente, la licenciada no compareció.

Es, pues, a la luz del marco fáctico y procesal antes expuesto, que procedemos a resolver este asunto sin trámite ulterior.

II.

Como es sabido, las normas de conducta que rigen a los miembros de la profesión legal, contenidas en los cánones de ética profesional, buscan promover el ejercicio profesional y personal del abogado y la abogada a tono con los más altos principios de conducta decorosa. *In re Suárez Jiménez*, 192 DPR 152 (2014); *In re Castro Colón*, 177 DPR 333 (2009); *In re Izquierdo Stella*, 154

DPR 731 (2001). Ello, a su vez, redunda en beneficio de la profesión, la ciudadanía y nuestras instituciones de justicia. *In re Franco Rivera*, 2017 TSPR 36, 197 DPR ___ (2017); *In re Suárez Jiménez*, *supra*.

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado y abogada "*debe observar para con los tribunales una conducta que se caracterice por el mayor respeto*". *In re López Méndez*, 2016 TSPR 248, 196 DPR ___ (2016); *In re Montalvo Delgado*, 2016 TSPR 223, 196 DPR ___ (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Asimismo, como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el referido canon les ordena comparecer a los señalamientos notificados por el tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Nieves Nieves*, 181 DPR 25 (2011). *Véase* además *In re Otero Fernández*, 145 DPR 582 (1998). Tal deber incluye, necesariamente, que todo abogado o abogada responda con diligencia los requerimientos y órdenes de este Tribunal; particularmente, los relacionados a procedimientos disciplinarios. *In re López Méndez*, *supra*; *In re Pacheco Pacheco*, 192 DPR 553 (2015); *In re Rivera Navarro*, *supra*; *In re Irizarry Irizarry*, 190 DPR 368 (2014).

En ese sentido, hemos señalado en más de una ocasión

que, cuando se desatienden los requerimientos formulados por este Tribunal y los abogados o abogadas se muestran indiferentes ante nuestros apercibimientos de imponerles sanciones, procede la suspensión del ejercicio de la abogacía. *In re Pérez Román*, 191 DPR 186 (2014); *In re Betancourt Medina*, 183 DPR 821 (2011); *In re Lloréns Sar*, 170 DPR 198 (2007). Y es que este Foro ha sido enfático al no tolerar la actitud de indiferencia por parte de un miembro de la profesión a nuestras órdenes, señalamientos o requerimientos. *In re Franco Rivera*, *supra*; *In re García Aguirre*, 190 DPR 539 (2014); *In re López González*, 189 DPR 581 (2013).

Así, pues, la desatención a las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y, a su vez, constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re López Méndez*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re García Incera*, 177 DPR 329 (2010); *In re Maldonado Rivera*, 147 DPR 380 (1999).

Es, precisamente, a la luz del marco jurídico antes expuesto que procedemos a disponer del proceso disciplinario ante nuestra consideración.

### III.

En el caso ante nuestra consideración, según se desprende del tracto aquí reseñado, en tres causas distintas (AB-2016-0302, AB-2016-0347 y AB-2017-0027), en

las cuales se cuestiona su desempeño como miembro de la profesión legal, la licenciada Burgos García ha hecho caso omiso a nuestras órdenes de responder a los señalamientos en su contra, mostrándose así indiferente a nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta displicente para con este Tribunal. Es decir, no ha comparecido de forma alguna ante este Foro, a pesar de las múltiples oportunidades que ha tenido para ello.

No albergamos duda que la conducta desplegada por la abogada es una de descuido y refleja una patente falta de interés en continuar ejerciendo la profesión. La misma constituye un desagravio a la autoridad de este Tribunal y, a su vez, infringe el Canon 9 de Ética Profesional, *supra*.

En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a la licenciada Burgos García el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a

partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial de la abogada suspendida y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Dinorah Burgos García
   (TS-9232)

AB-2016-0302
AB-2016-0347
AB-2017-0027

SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la licenciada Dinorah Burgos García. Además, se le impone a la licenciada Burgos García el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial de la abogada suspendida y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo