EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Olga M. Valentín Avilés | 2019 TSPR 34 <br><br> 201 DPR _____ |

Número del Caso:  TS-7656

Fecha: 25 de febrero de 2019

Abogado de la parte promovida:

        Por derecho propio

Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director Ejecutivo

Materia:  Conducta Profesional – La suspensión será efectiva el 12 de marzo de 2019. Fecha en que se le notificó por correo certificado a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Olga M. Valentín Avilés            TS-7,656

**PER CURIAM**

San Juan, Puerto Rico, a 25 de enero de 2019.

Nuevamente nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a una miembro de la profesión legal por incumplir con las órdenes de este Tribunal.

**I**

La Lcda. Olga M. Valentín Avilés fue admitida al ejercicio de la abogacía el 6 de junio de 1983 y a la notaría el 15 del mismo mes y año.

El 20 de abril de 2017, el entonces Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), Lcdo. José I. Campos Pérez, compareció ante este Tribunal mediante un

*Informe sobre incumplimiento con requisito de educación jurídica continua.* En éste, nos informó que la licenciada Valentín Avilés incumplió con los requisitos del PEJC durante el periodo de 1 de enero de 2011 al 31 de diciembre de 2012.[1] Ante esto, el 15 de febrero de 2013 el PEJC envió a la licenciada Valentín Avilés un *Aviso de Incumplimiento* mediante el cual le concedió un término de 60 días para que asistiera a los cursos requeridos y pagara la multa por cumplimiento tardío.

Posteriormente, la licenciada Valentín Avilés fue citada por el PEJC a una vista informal, a la que no compareció. En consecuencia, se le notificó el *Informe* del Oficial Examinador y la determinación del Director Ejecutivo del PEJC en los que se le advirtió que el incumplimiento con los requisitos del PEJC conllevaría remitir el caso ante la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) para que determinara si refería el caso al Tribunal Supremo. Así las cosas, el Director Ejecutivo del PEJC recomendó a la Junta rendir un *Informe* ante este Foro. La Junta acogió esa recomendación y encomendó al Director Ejecutivo del PEJC a presentar el *Informe sobre incumplimiento con requisito de educación jurídica continua.*

Por su parte, la licenciada Valentín Avilés compareció mediante una *Moción en reacción a Informe sobre*

---

[1] Destacamos que la Lcda. Olga M. Valentín Avilés tampoco ha cumplido con los requisitos de los periodos posteriores al expuesto en la Opinión.

*incumplimiento con requisito de educación jurídica continua* (*Moción en reacción a Informe*) mediante la cual arguyó que no recibió las notificaciones aludidas en el *Informe sobre incumplimiento con requisito de educación jurídica continua*, que de haberlas recibido expondría las razones que provocaron su incumplimiento y ofreció disculpas por no haber comparecido. Añadió que debido a situaciones personales tuvo que cerrar su oficina legal. En consecuencia, solicitó la baja voluntaria de la profesión legal.

Examinado el *Informe sobre incumplimiento con requisito de educación jurídica continua* y la *Moción en reacción a Informe*, el 26 de junio de 2017 emitimos una Resolución mediante la cual le ordenamos a la licenciada Valentín Avilés a que dentro del término de 20 días "present[ara] su solicitud de cambio de estatus a abogada inactiva en el Registro Único de Abogados y Abogadas (RUA)".[2] Además, le apercibimos que de no presentar la referida solicitud podíamos suspenderla del ejercicio de la profesión legal por incumplir con los requisitos del PEJC.

Tras no recibir respuesta, el 23 de febrero de 2018 emitimos una Resolución en la que ordenamos a la licenciada Valentín Avilés a que en un término de 10 días compareciera y mostrara causa por la cual no debiéramos suspenderla del ejercicio de la abogacía por no cumplir

---

[2] *Resolución* de 26 de junio de 2017.

con las órdenes de este Tribunal ni con los requisitos del PEJC.[3] En respuesta, el 26 de marzo de 2018 la licenciada Valentín Avilés compareció mediante una *Moción en cumplimiento de orden* y explicó que estaba en trámites de completar -a través de la Oficina de Inspección de Notarías (ODIN)- la cesación a la notaría y, conforme a ello, nos solicitó 60 días para subsanar las deficiencias señaladas por la ODIN y culminar el proceso de solicitud de baja voluntaria de la profesión legal. Examinada la *Moción en cumplimiento de orden*, el 20 de abril de 2018 le notificamos una Resolución en la que concedimos a la licenciada Valentín Avilés el término solicitado. Además, le advertimos que "[d]e no recibir su solicitud en el término concedido podrá decretarse su suspensión del ejercicio de la abogacía por incumplimiento con los requisitos de educación jurídica continua".[4]

Vencido el término antes mencionado y sin la comparecencia de la licenciada Valentín Avilés, el 14 de diciembre de 2018 emitimos una Resolución en la que le concedimos un término final de 10 días para cumplir con la Resolución del 20 de abril de 2018. Esta última Resolución fue notificada mediante correo electrónico, según consta en el Registro Único de Abogados(as) (RUA). Además, la Oficina de Alguaciles de este Tribunal se dio la tarea de diligenciar la Resolución personalmente, pero

---

[3] Destacamos que dicha Resolución fue diligenciada personalmente el 12 de marzo de 2018 por conducto de la oficina de Alguaciles del Tribunal Supremo.

[4] *Resolución* de 12 de abril de 2018.

dicho esfuerzo resultó infructuoso. En específico, surge del *Informe* realizado por la Oficina de Alguaciles del Tribunal Supremo que al personarse a la dirección física que consta en el RUA presenciaron un letrero que leía "Se Vende" y que, tras preguntar a un vecino, éste le informó que la licenciada Valentín Avilés se había ido a vivir a los Estados Unidos.

Al día de hoy, la licenciada Valentín Avilés no ha dado cumplimiento a nuestras órdenes.

**II**

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rige a los miembros de la profesión legal.[5] El propósito de dicho cuerpo legal es promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia.[6] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[7]

---

[5] In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

[6] In re Espino Valcárcel, 199 DPR 761, 766 (2018).

[7] In re López Méndez, 196 DPR 956, 960-961 (2016).

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[8] Por ello, los abogados tienen una obligación de atender con diligencia nuestras órdenes, obligación que se torna más patente durante los procesos disciplinarios.[9] Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[10]

De otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, dispone lo siguiente: "Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". Es decir, dicha regla obliga a los abogados a notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal.[11] El incumplimiento con lo anterior podrá conllevar la imposición de sanciones, incluso sanciones de índole disciplinario.[12] Ello, toda vez

---

[8] In re Bryan Picó, 192 DPR 246, 251 (2015).

[9] In re Bryan Picó, supra.

[10] In re Vélez Rivera, supra, pág. 592.

[11] In re Toro Soto, 181 DPR 654, 660-661 (2011).

[12] In re Bryan Picó, supra, pág. 252.

que incumplir con dicha obligación obstaculiza el ejercicio de nuestra función disciplinaria.[13]

### III

La licenciada Valentín Avilés ha desplegado una conducta de desatención hacia nuestra autoridad como foro regulador de la profesión legal. A pesar de haberle concedido un sinnúmero de oportunidades, la licenciada Valentín Avilés no ha cumplido con lo ordenado. Su incumplimiento provoca una infracción al Canon 9 del Código de Ética Profesional, *supra*. Destacamos que la licenciada Valentín Avilés tampoco cumplió con su deber de actualizar sus datos en el RUA. Por todo lo anterior, corresponde disciplinar a la licenciada Valentín Avilés.

### IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Olga M. Valentín Avilés de la práctica de la abogacía y la notaría.

La licenciada Valentín Avilés deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su

---

[13] In re Toro Soto, supra, pág. 661.

suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Valentín Avilés y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Valentín Avilés durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia. De resultar negativo el diligenciamiento, notifíquese inmediatamente a través del sistema de notificación electrónica.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Olga M. Valentín Avilés

**TS-7,656**

**SENTENCIA**

San Juan, Puerto Rico, a 25 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Olga M. Valentín Avilés de la práctica de la abogacía y la notaría.

La licenciada Valentín Avilés deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su

suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Valentín Avilés y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Valentín Avilés durante el periodo en que la fianza estuvo vigente.

**Notifíquese** personalmente esta Opinión *Per Curiam* y Sentencia. De resultar negativo el diligenciamiento, notifíquese inmediatamente a través del sistema de notificación electrónica.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo