EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Heyda D. Torres Rivera | 2022 TSPR 107 <br><br> 209 DPR ___ |

Número del Caso: TS-18,006

Fecha: 16 de agosto de 2022

Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Abogada de la Sra. Heyda D. Torres Rivera:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con las órdenes del Tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Heyda D. Torres Rivera          TS-18,006

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de agosto de 2022.

En esta ocasión suspendemos inmediata e indefinidamente a la Lcda. Heyda D. Torres Rivera del ejercicio de la abogacía y la práctica de la notaría por incumplir con las órdenes de este Tribunal.

I

La Lcda. Heyda D. Torres Rivera fue admitida al ejercicio de la abogacía el 17 de agosto de 2010 y a la notaría el 9 de noviembre de 2010.

El 18 de noviembre de 2021, la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC), Lcda. María C. Molinelli González, compareció ante este Tribunal mediante un *Informe sobre incumplimiento con el requisito de Educación Jurídica*

*Continua (PEJC)* (*Informe de incumplimiento*) en el que nos informó que la licenciada Torres Rivera no había completado los créditos de Educación Jurídica Continua. En éste, nos informó que la licenciada Torres Rivera incumplió con los requisitos del PEJC durante el periodo de 1 de octubre de 2017 al 30 de septiembre de 2020. Ante esto, el 25 de febrero de 2021, el PEJC envió a la licenciada Torres Rivera un *Aviso de Incumplimiento* mediante el cual le concedió un término de 60 días para que completara los cursos requeridos y pagara la multa por cumplimiento tardío, así como un término de 30 días concurrentes para comparecer por escrito y explicar las razones que justificaban el incumplimiento. Asimismo, otorgó un término de 15 días concurrentes para que solicitara por escrito una vista informal a ser concedida de forma discrecional.

Debido al incumplimiento de la licenciada Torres Rivera, el 16 de junio de 2021, la Directora Ejecutiva del PEJC recomendó a la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) remitir el caso ante nuestra consideración. La Junta acogió la recomendación y encomendó a la Directora Ejecutiva del PEJC a presentar el *Informe de incumplimiento* antes mencionado.

Tras recibir y evaluar el *Informe de incumplimiento* del PEJC, el 13 de diciembre de 2021 emitimos una *Resolución* en la que ordenamos a la licenciada Torres Rivera a que en un término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía,

esto por incumplir con los cursos requeridos y no comparecer ante el PEJC cuando le fue requerido.[1]

En cumplimiento con lo anterior, el 14 de enero de 2022, la licenciada Torres Rivera compareció y presentó una *Moción en respuesta orden mostrar causa* mediante la cual explicó que varios problemas personales y económicos provocaron que dejara de ejercer la profesión directa e indirectamente por un término de 6 años aproximadamente. Además, solicitó un término de 60 días para completar los créditos del PEJC, emitir los pagos correspondientes sobre cualquier sanción económica que el Tribunal le impusiera y llevar a cabo el proceso de separación voluntaria de la profesión de la abogacía. Así, examinada la moción, el 25 de enero de 2022, este Tribunal emitió una *Resolución* en la que otorgó un término de 60 días para que la letrada completara el trámite conducente a su inactivación del Registro Único de Abogados y Abogadas (RUA) que, a su vez, implicaba la entrega de su obra notarial a la Oficina de Inspección de Notarías (ODIN).[2] Como resultado del incumplimiento de la licenciada Torres Rivera, este Tribunal le concedió un término final de 20 días para cumplir con lo ordenado mediante *Resolución* emitida el 17 de mayo de 2022.[3]

Posteriormente, vencido el término otorgado, el 10 de junio de 2022, el Director de la ODIN, el Lcdo. Manuel E.

---

[1] *Resolución* de 13 de diciembre de 2021.

[2] *Resolución* de 25 de enero de 2022.

[3] *Resolución* de 17 de mayo de 2022.

Ávila De Jesús, presentó la *Moción notificando incumplimiento de orden y en solicitud de remedios*. Según surge de la *Moción notificando incumplimiento de orden y en solicitud de remedios*, la ODIN mencionó varias gestiones realizadas, entre las que se puntualizó que, el 6 de abril de 2022, la Inspectora de Protocolos asignada al proceso de cesación de la licenciada Torres Rivera presentó un memorando en el que expresó que intentó comunicarse con la letrada para coordinar la cita de entrega y examen de la obra protocolar por correo electrónico en febrero y marzo de 2022, y además, llamó a varios números telefónicos que aparecían en el RUA, pero sostuvo que sus intentos resultaron infructuosos. El Director de la ODIN explicó que, posteriormente, el 7 de junio de 2022, solicitó una actualización del estado de situación, por lo que fue informado que todo permanecía igual al mes de abril de 2022. Añadió que, ese mismo día, intentó comunicarse a los números telefónicos presentados en el RUA sin obtener ninguna respuesta. Así las cosas, en la ***Moción notificando incumplimiento de orden y en solicitud de remedios*, la ODIN solicitó como remedios: que este Tribunal advenga en conocimiento del reiterado incumplimiento de la licenciada Torres Rivera con las órdenes emitidas anteriormente; que decrete la suspensión inmediata e indefinida del ejercicio de la notaría**, así como le requiera entregar con carácter inmediato la obra protocolar por estar custodiada; y finalmente, que evalúe **suspenderla de manera inmediata e indefinida del ejercicio de la abogacía por incumplimiento**

**con el Canon 9 del Código de Ética Profesional**, *infra*, ante el reiterado incumplimiento con las órdenes emitidas por este Foro.

Tras evaluar el tracto procesal y la ***Moción notificando incumplimiento de orden y en solicitud de remedios*, mediante *Resolución* emitida el 30 de junio de 2022, ordenamos a la** licenciada Torres Rivera a que en un término de 20 días compareciera y mostrara causa por la cual no debiéramos suspenderla de la práctica general de la abogacía y de la notaría por su incumplimiento con las órdenes del Tribunal, los requerimientos de la ODIN y los requisitos del PEJC.[4] Destacamos que dicha *Resolución* fue diligenciada personalmente por conducto de la Oficina de Alguaciles de este Tribunal. Además, la licenciada Torres Rivera fue notificada mediante correo electrónico, según consta en el RUA.[5] Sin embargo, al día de hoy, la licenciada Torres Rivera no ha comparecido.

**II**

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rigen a los miembros de la profesión legal.[6] El propósito de dicho cuerpo legal es promover el

---

[4] El 20 de julio de 2022, el Programa de Educación Jurídica Continua nos acreditó mediante una *Certificación* que la Lcda. Heyda D. Torres Rivera continua en incumplimiento del periodo de 1 de octubre de 2017 al 30 de septiembre de 2020. Además, adeuda $150 en multas.

[5] *Resolución* de 30 de junio de 2022.

[6] In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia.[7] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[8]

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9 del Código de Ética Profesional, *supra*.[9] Asimismo, las obligaciones impuestas por el Canon 9 del Código de Ética Profesional, *supra*, "se extienden a los requerimientos asociados al PEJC y a la ODIN, en calidad de brazos operacionales de este Foro. De manera que, relegar las exigencias de estas entidades, es conducta igualmente censurable bajo las disposiciones de nuestro ordenamiento ético".[10]

Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones

---

[7] In re Espino Valcárcel, 199 DPR 761, 766 (2018).

[8] In re López Méndez, 196 DPR 956, 960-961 (2016).

[9] In re Bryan Picó, 192 DPR 246, 251 (2015); In re Chévere Mouriño, 2020 TSPR 20, 203 Ap. (2020).

[10] In re Torres Babilonia, 203 DPR 247, 251 (2019).

disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[11]

## III

Luego de evaluar el expediente de la licenciada Torres Rivera, pudimos constatar mediante la Certificación del PEJC -emitida el 20 de julio de 2022- que la abogada continua en incumplimiento con el período de 1 de octubre de 2017 al 30 de septiembre de 2020. Además, adeuda $150 en multas.

A pesar de las oportunidades concedidas a la licenciada Torres Rivera, esta ha incumplido con nuestras órdenes, las cuales, a su vez, están relacionadas a su incumplimiento con los requerimientos del PEJC y la ODIN. La conducta desplegada por la licenciada Torres Rivera muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como ante los requerimientos del PEJC y de la ODIN. Sin duda alguna, el comportamiento de la letrada equivale a una infracción al Canon 9 del Código de Ética Profesional, *supra*.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Heyda D. Torres Rivera de la práctica de la abogacía y la notaría.

La señora Torres Rivera deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni

---

[11] In re Vélez Rivera, *supra*, pág. 592.

representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la señora Torres Rivera y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la señora Torres Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Heyda D. Torres Rivera                TS-18,006

*SENTENCIA*

En San Juan, Puerto Rico, a 16 de agosto de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Sra. Heyda D. Torres Rivera de la práctica de la abogacía y la notaría.

La señora Torres Rivera deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la señora Torres Rivera y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la señora Torres Rivera durante el periodo en que la fianza estuvo vigente.

Notifíquese.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo