EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte: | 2018 TSPR 206 |
| Gerardo de Jesús Annoni | 201 DPR ____ |


Número del Caso:    TS-9,535


Fecha: 13 de diciembre de 2018


Programa de Educación Jurídica Continua:

> Lcdo. José Ignacio Campos Pérez
> Director Ejecutivo


Materia:  Conducta Profesional – La suspensión será efectiva el 4 de enero de 2019 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Gerardo De Jesús Annoni                    TS-9,535

**PER CURIAM**

En San Juan, Puerto Rico, a de 13 de diciembre de 2018.

Otra vez nos vemos obligados a ejercitar nuestro poder disciplinario para decretar la suspensión del Lcdo. Gerardo De Jesús Annoni de la profesión legal por desobedecer nuestras múltiples órdenes requiriéndole que cumpliera su obligación con el Programa de Educación Jurídica Continua (PEJC).

Pasemos pues a ver los hechos que acarrearon la suspensión.

**I**

El 8 de agosto de 1990 el licenciado De Jesús Annoni fue admitido a la profesión legal.[1] El 15 de febrero

---

[1] El 2 de julio de 2006 juró como notario, pero el 7 de febrero de 2017 lo suspendimos mediante la Opinión *Per Curiam In re: De Jesús Annoni*, 197 DPR 322 (2017).

de 2017 el entonces Director Ejecutivo del PEJC, el Lcdo. José Ignacio Campos Pérez, sometió ante esta Curia su *Informe sobre incumplimiento con requisito de educación jurídica continua*. Expuso que el letrado no satisfizo las exigencias del PEJC para los periodos de 2007-2009, 2009-2011 y 2011-2013, ni pagó las multas resultantes de su inobservancia.

Examinado el informe, el 26 de abril de 2017 concedimos al licenciado De Jesús Annoni un término de veinte días para que expusiera las razones por las cuales no debía ser separado de la profesión legal. Sin embargo, el 22 de mayo de 2017 el letrado peticionó que le diéramos treinta días más. El 30 de junio de 2017 accedimos a prolongar el plazo pero le concedimos un término de quince días. El 22 de junio de 2017 el licenciado De Jesús Annoni nos volvió a solicitar otro término de veinte días. Una vez más, el letrado pidió una prórroga hasta el 31 de julio de 2017.

Así las cosas, el 2 de agosto de 2017 el licenciado De Jesús Annoni presentó una *Moción informativa y sobre otros extremos* mediante la cual enumeró varios cursos que había tomado. Empero, el 25 de agosto de 2017 le exigimos que presentara una certificación del PEJC en un plazo de treinta días. Dado la inobservancia del letrado con nuestro requerimiento, el 12 de abril de 2018 concedimos un término de diez días para cumplir con nuestras órdenes y advertimos que el desobedecer nuestro pedido podía conllevar su suspensión de la abogacía. El 3 de mayo de 2018 el

licenciado De Jesús Anonni solicitó otra prórroga de un día laboral. Finalmente, el 11 de mayo de 2018 nos sometió su *Moción en cumplimiento de orden* donde enumeró los cursos completados y adjuntó las certificaciones emitidas por los proveedores de las clases.

El 29 de junio de 2018 ordenamos al PEJC que se expresara sobre la moción aludida en un término de veinte días. Por consiguiente, el 20 de julio de 2018 el entonces Director Ejecutivo del PEJC sometió su *Moción en cumplimiento de resolución* donde plasmó que

> [u]n examen del Historial de Cursos Acreditados del licenciado De Jesús Annoni revela que ya cumplió con el periodo 2007-2009. Asimismo, surge que ya completó los requisitos mínimos de ética profesional y materia general de los periodos 2009-2011, 2011-2013 y 2013-2016. No obstante, tiene una deficiencia de seis (6) créditos de la notaría para cada uno de los periodos antes mencionados. Esto es, le falta acumular un total de dieciocho (18) créditos de notaría para estar en cumplimiento con los requisitos de todos los periodos vencidos hasta el presente. Ahora bien, habida cuenta de que el licenciado fue suspendido indefinidamente de la notaría, si este no desea solicitar la reinstalación al ejercicio de esta área del Derecho y este Tribunal lo autoriza, podría permitírsele tomar dieciocho (18) créditos generales en su lugar para cumplir con el requisito mínimo de veinticuatro (24) créditos por periodo de cumplimiento.

En vista de la sugerencia del entonces Director del PEJC, el 26 de septiembre de 2018 tomamos conocimiento del cumplimiento del letrado con el periodo de 2007-2009 y de que había satisfecho los créditos en materia general y de ética para los periodos de 2009-2011, 2011-2013 y 2013-2016. Además, le otorgamos diez días para que acreditara que pagó

las multas. Dado a que el licenciado De Jesús Annoni no compareció, el **30 de octubre de 2018** concedimos en **termino final e improrrogable** de treinta días para que acreditara que satisfizo tanto las dieciocho horas créditos que hizo referencia el PEJC en la *Moción en cumplimiento de orden*, como a las multas por cumplimiento tardío.

A continuación expondremos el derecho que aplica a este marco fáctico.

## II

Dado a que poseemos la facultad inherente para regular la profesión legal, estamos obligados a cerciorarnos que sus miembros desempeñen sus funciones de modo responsable, competente y diligente.[2] El Código de Ética Profesional contiene las normas *mínima*s de conducta que los abogados y abogadas que ejercen tan ilustre profesión deben desplegar.[3] El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, constituye una de las disposiciones de mayor envergadura toda vez que dispone cómo los letrados deben conducirse ante los tribunales de justicia.[4] El mismo preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

Así, pues, hemos admitido que la naturaleza de la función del abogado conlleva que emplee estricta atención y obediencia a las órdenes de este Tribunal, o de cualquier

---

[2] *In re Shirley Vélez Rivera*, 199 DPR 587, 591 (2018); *In re Ricardo Santos Ortiz*, 198 DPR 391, 395 (2017).
[3] *In re Arlene Zambrana Ortiz*, 2017 TSPR 111, 198 DPR ____ (2017); *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).
[4] *In re Shirley Vélez Rivera*,199 DPR 587, 592(2018).
[5] 4 LPRA Ap. IX. C. 9.

foro judicial en el cual tenga que comparecer.[6] Es decir, cada miembro de la clase togada tiene la ineludible obligación de respetar, acatar y responder diligentemente nuestras órdenes. Esto cobra más rigor cuando se trata de asuntos relacionados a la conducta profesional de los abogados.[7]

La desatención a las órdenes de un Tribunal por parte de un miembro de la clase togada constituye un grave insulto a su autoridad y una clara violación al Canon 9.[8] Asimismo, su inobservancia con las órdenes judiciales no se tomará de manera liviana.[9] Consiguientemente, hemos pronunciado que la actitud de indiferencia hacia nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para decretar la suspensión inmediata e indefinida de la profesión de la abogacía.[10]

Si bien el Canon 9 comprende los preceptos que rigen la conducta de los letrados ante los foros judiciales, lo hemos extendido a aquellos entes a los cuales le hemos delegado la tarea de velar por el cumplimiento de las obligaciones que acarrean la práctica legal. Por tanto, la aplicación del Canon 9 no está restringida a las órdenes expedidas por este

---

[6] *In re Ricardo Santos Ortiz, supra*, pág. 5. *In re García Ortiz*, 187 DPR 507, 524 (2012).

[7] Id., *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

[8] *In re Méndez Cordero*, 2018 TSPR 185, en la pág. 5, 201 DPR ___ (2018); *In re Irizarry Irizarry, supra*, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014).

[9] *In re Christine M. Pratts Barbarossa*, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).

[10] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González*, 193 DPR 1021 (2015); *In re Irizarry Irizarry, supra*; *In re Vera Vélez, supra*, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

Tribunal.[11] Dicho de otro modo, esta norma también rige la conducta que la clase togada debe observar sobre los requerimientos llevados a cabo por las entidades que auxilian a este Tribunal en el descargo de sus responsabilidades.[12] En consecuencia, las obligaciones que exigen el Canon 9 se extienden a los requerimientos del PEJC.[13]

Consignado el marco legal pertinente a los hechos, pasemos a resolver.

## III

Como observamos, el asunto objeto de nuestra consideración surgió en el 2017 cuando el entonces Director Ejecutivo del PEJC nos presentó un informe donde notificó el incumplimiento del licenciado De Jesús Annoni con su obligación de educarse. Desde entonces, accedimos a las múltiples prórrogas que el letrado nos peticionó. Si bien evidenció que completó diversos cursos, ello no ha sido suficiente toda vez que la última certificación del PEJC refleja que permanece en estado de incumplimiento desde el 2009 hasta el 2016. Esto, pues, le resta por completar dieciocho créditos. Asimismo, el licenciado De Jesús Annoni hizo caso omiso a nuestra última resolución mediante la cual le concedimos un **término final e improrrogable.** Este proceder, por sí solo, amerita que sea separado de la profesión legal.

---

[11] *In re Torres Román*, 195 DPR 882, 891 (2016).
[12] Íd.
[13] *In re Justo Méndez Molina*, 2018 TSPR 3, en la pág. 6, 199 DPR ___ (2018).

## IV

En vista de lo que antecede, separamos de manera inmediata e indefinida al licenciado De Jesús Annoni de la práctica de la abogacía. Le imponemos el deber de poner al tanto a todos sus clientes de su inhabilidad de continuar representándolos y de restituir los honorarios recibidos por los servicios no prestados. Además, tendrá que comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Finalmente, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Gerardo De Jesús Annoni          TS-9,535

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente al Sr. Gerardo De Jesús Annoni de la práctica de la abogacía. Le imponemos el deber de poner al tanto a todos sus clientes de su inhabilidad de continuar representándolos y de restituir los honorarios recibidos por los servicios no prestados. Además, tendrá que comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Finalmente, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión Per Curiam y Sentencia.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y los Jueces Asociados señores Estrella Martínez y Colón Pérez no intervinieron. La Juez Asociada señora Rodríguez Rodríguez no interviene.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo