EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Amaris Urbina Echevarría | 2019 TSPR 17 201 DPR ____ |

Número del Caso: TS-16,357

Fecha: 31 de enero de 2019

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director Ejecutivo

Lcda. Amaris Urbina Echevarría:

Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 5 de febrero de 2019. Fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amaris Urbina Echevarría      TS-16,357

*PER CURIAM*

San Juan, Puerto Rico, a 31 de enero de 2019.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a una miembro de la profesión legal por incumplir con las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Veamos.

**I**

La Lcda. Amaris Urbina Echevarría fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y a la notaría el 17 de julio del mismo año.

El 9 de marzo de 2017, el entonces Director Ejecutivo del PEJC, Lcdo. José I. Campos Pérez,

compareció ante este Tribunal mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, nos informó que la licenciada Urbina Echevarría incumplió con los requisitos del PEJC durante el periodo de 1 de marzo de 2009 al 28 de febrero de 2012.[1] Ante esto, el 12 de mayo de 2011 el PEJC envió a la licenciada Urbina Echevarría un *Aviso de Incumplimiento* mediante el cual le concedió un término de 60 días para que completara los cursos requeridos y pagara la multa por cumplimiento tardío.

Tras no completar los cursos correspondientes, la licenciada Urbina Echevarría fue citada por el PEJC a una vista informal, a la cual compareció personalmente. En resumen, la licenciada Urbina Echevarría expuso que por razones de índole económico no había podido dar cumplimiento con los requisitos del PEJC. En respuesta, el 29 de enero de 2014 el Oficial Examinador le concedió una prórroga de 60 días para tomar los cursos y pagar la multa. Sin embargo, la licenciada Urbina Echevarría no cumplió.

Así las cosas, el 2 de noviembre de 2015 se le notificó el *Informe* del Oficial Examinador y la determinación del Director Ejecutivo del PEJC, en los que se le advirtió que si no subsanaba la deficiencia de los

---

[1] El Lcdo. José I. Campos Pérez añadió que la Lcda. Amaris Urbina Echevarría también incumplió con los periodos del 1 de marzo de 2011 al 28 de febrero de 2013 y del 1 de marzo de 2013 al 28 de febrero de 2015.

créditos ni cumplía con el pago de la multa dentro del término de 30 días remitirían el caso ante la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) para que determinara si refería el caso al Tribunal Supremo. Además, se le advirtió que de referirse el caso ante la consideración del Tribunal Supremo, también se informaría de los periodos posteriores incumplidos. Luego, el Director Ejecutivo del PEJC recomendó a la Junta rendir un *Informe* ante este Foro. La Junta acogió esa recomendación y encomendó al Director Ejecutivo del PEJC a presentar el *Informe sobre incumplimiento con requisito de educación jurídica continua.*

Tras recibir el *Informe sobre incumplimiento con requisito de educación jurídica continua* y evaluar el expediente, el 26 de abril de 2017 emitimos una Resolución en la que ordenamos a la licenciada Urbina Echevarría a que en un término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía, esto por incumplir con los cursos requeridos y no comparecer ante el PEJC.[2]

Al no recibir respuesta, el 6 de julio de 2017 emitimos una Resolución en la que le concedimos un término de 10 días para cumplir con lo ordenado. Esta Resolución fue enviada a la dirección de notificaciones, según consta en el Registro Único de Abogados(as) (RUA). Además, el 12 de julio de 2017 la Oficina de Alguaciles de este

---

[2] *Resolución* de 26 de abril de 2017.

Tribunal diligenció la Resolución personalmente. Ante ello, la licenciada Urbina Echevarría compareció mediante una *Moción mostrando causa*, en la que explicó que por razones económicas no había podido dar cumplimiento con lo requerido y, además, solicitó un término adicional para cumplir. Conforme a ello, el 8 de agosto de 2017 emitimos una Resolución en la que le concedidos 60 días para cumplir con los requerimientos del PEJC y presentar la certificación correspondiente. Sin embargo, la licenciada Urbina Echevarría no compareció.

En consecuencia, el 21 de marzo de 2018 emitimos una Resolución en la que ordenamos a la licenciada Urbina Echevarría a que en un término final de 20 días cumpliera con lo requerido. Además, el 12 de abril de 2018 la Oficina de Alguaciles de este Tribunal diligenció dicha Resolución personalmente. En respuesta, la licenciada Urbina Echavarría compareció ante este Foro mediante una *Moción en cumplimiento de orden* y oportunamente acreditó el cumplimiento parcial con los requerimientos del Programa.[3] Además, solicitó un término adicional de 60 días para completar los créditos adeudados.

Así las cosas, el 15 de mayo de 2018 emitimos una Resolución mediante la que le concedimos un término de 60 días para culminar con los requerimientos pendientes. Posteriormente, el 2 de agosto de 2018 emitimos una

---

[3] El 14 de enero de 2018, el Programa de Educación Jurídica Continua nos acreditó mediante una *Certificación* que la Lcda. Amaris Urbina Echevarría adeuda los periodos de 1 de marzo de 2013 al 28 de febrero de 2015 y de 1 de marzo de 2015 al 28 de febrero de 2018.

Resolución en la cual ordenamos a la licenciada Urbina Echevarría a que en el término final de 30 días culminara y acreditara que completó los cursos requeridos. Sin embargo, la licenciada Urbina Echevarría no compareció. Destacamos que dicha Resolución fue diligenciada personalmente por conducto de la Oficina de Alguaciles de este Tribunal.

Vencido el término antes mencionado y sin la comparecencia de la licenciada Urbina Echevarría, el 10 de octubre de 2018 emitimos una Resolución en la que le concedimos un término final e improrrogable de 60 días para cumplir y acreditar que completó los requisitos del PEJC. Esta última Resolución fue notificada mediante correo electrónico, según consta en el RUA. Al día de hoy, la licenciada Urbina Echevarría no ha comparecido.

## II

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rige a los miembros de la profesión legal.[4] El propósito de dicho cuerpo legal es promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia.[5] A tenor de lo anterior, el

---

[4] In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

[5] In re Espino Valcárcel, 199 DPR 761, 766 (2018).

Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6]

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[7] Dicha norma también rige la conducta que los abogados deben observar hacia los requerimientos del PEJC.[8]

Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[9]

## III

En el caso ante nuestra consideración, a pesar de las múltiples oportunidades concedidas a la licenciada Urbina Echevarría, ésta ha desplegado una conducta de desatención hacia nuestras órdenes. No podemos avalar que la licenciada Urbina Echevarría haya ignorado las últimas 3 Resoluciones emitidas por este Tribunal. Ello constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*.

---

[6] In re López Méndez, 196 DPR 956, 960-961 (2016).

[7] In re Bryan Picó, 192 DPR 246, 251 (2015).

[8] In re Gerardo de Jesús Annoni, 2018 TSPR 206, 201 DPR __ (2018).

[9] In re Vélez Rivera, supra, pág. 592.

**IV**

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Amaris Urbina Echevarría de la práctica de la abogacía y la notaría.

La licenciada Urbina Echevarría deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Urbina Echevarría y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La

fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Urbina Echevarría durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amaris Urbina Echevarría          TS-16,357

SENTENCIA

San Juan, Puerto Rico, a 31 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida de la Lcda. Amaris Urbina Echevarría de la práctica de la abogacía y la notaría.

La licenciada Urbina Echevarría deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Urbina Echevarría y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Urbina Echevarría durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Rivera García no intervinieron.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo