EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>José S. Dapena Thompson | 2019 TSPR 76<br><br>201 DPR ____ |

Número del Caso: TS-2,755

Fecha: 17 de abril de 2019

Programa de Educación Jurídica Continua:

   Lcdo. José Ignacio Campos Pérez
   Director Ejecutivo

Materia: La suspensión será efectiva el 17 de abril de 2019, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José S. Dapena Thompson          TS-2,755

PER CURIAM

San Juan, Puerto Rico, a 17 de abril de 2019.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal por incumplir con las órdenes de este Tribunal, los requerimientos del Programa de Educación Jurídica Continua (PEJC) y por no actualizar su información en el Registro Único de Abogados(as)(RUA). Veamos.

**I**

El Lcdo. José S. Dapena Thompson fue admitido al ejercicio de la abogacía el 10 de diciembre de 1965 y a la notaría el 31 de enero de 1966.

El 19 de mayo de 2017, el entonces Director Ejecutivo del PEJC, Lcdo. José I. Campos Pérez,

compareció ante este Tribunal mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, nos informó que el licenciado Dapena Thompson incumplió con los requisitos del PEJC durante el período de 1 de noviembre de 2009 al 31 de octubre de 2011. Ante esto, el 24 de enero de 2012 el PEJC envió al licenciado Dapena Thompson un *Aviso de Incumplimiento* mediante el cual le concedió un término de 60 días para que completara los cursos requeridos y pagara la multa por cumplimiento tardío.

Tras no completar los cursos correspondientes, el licenciado Dapena Thompson fue citado por el PEJC a una vista informal, a la cual compareció personalmente. Ante ello, el Oficial Examinador le concedió una prórroga de 45 días para tomar los cursos. Sin embargo, el licenciado Dapena Thompson no cumplió.

Así las cosas, se le notificó el *Informe* del Oficial Examinador y la determinación del Director Ejecutivo del PEJC, en los que se le advirtió que si no subsanaba la deficiencia de los créditos dentro del término de 30 días, entonces remitirían el caso ante la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) para que determinara si refería el caso al Tribunal Supremo. Además, se le indicó que de referirse el caso ante la consideración del Tribunal Supremo, también se informaría de los períodos posteriores incumplidos. Luego, el Director Ejecutivo del PEJC recomendó a la Junta rendir un

*Informe* ante este Foro. La Junta acogió esa recomendación y encomendó al Director Ejecutivo del PEJC a presentar el *Informe sobre incumplimiento con requisito de educación jurídica continua.*

Posteriormente, el 26 de junio de 2017 el licenciado Dapena Thompson presentó un escrito intitulado *Comparecencia*, en el que nos informó que por razones de precariedad económica (incluyendo la pérdida de su hogar) tuvo que mudarse a Florida, en donde trabaja para el bufete de su hijo atendiendo asuntos de inmigración y seguro social para lo cual necesita continuar activo como abogado en nuestra jurisdicción. Añadió que solicitó y le fue aprobada la baja voluntaria de la notaría y que no ejerce ni planifica ejercer la profesión legal en Puerto Rico. Ante ésto, solicitó que le concediéramos un término razonable para completar los créditos restantes vía Internet. Además, el 2 de agosto de 2017 el licenciado Dapena Thompson presentó un nuevo escrito en el que solicitó que se le permitiera tomar un curso ofrecido por la jurisdicción de Florida y que posteriormente le fuera convalidado dicho curso.

Tras recibir el *Informe sobre incumplimiento con requisito de educación jurídica continua* y evaluar las comparecencias del licenciado Dapena Thompson, el 19 de diciembre de 2017 emitimos una Resolución en la que le concedimos un término de 180 días para ponerse al día con

el PEJC.[1] Esta Resolución fue enviada a su dirección de notificaciones, según consta en el RUA. No obstante, la misma llegó devuelta. Por ello, reenviamos esta Resolución a otra dirección que surgía del expediente y, en efecto, fue recibida. A pesar de ello, el licenciado Dapena Thompson no cumplió.

Ahora bien, surge del expediente una Certificación del PEJC en la que se acredita que el licenciado Dapena Thompson cumplió con el período por el cual fue referido (1 de noviembre de 2009 al 31 de octubre de 2011). Además, cumplió con el período de 1 de noviembre de 2011 al 31 de octubre de 2013. Queda claro que el licenciado Dapena Thompson se mantuvo tomando cursos para lograr estar al día con el PEJC. No obstante, el licenciado Dapena Thompson no ha cumplido con el período de 1 de noviembre de 2013 al 31 de octubre de 2016.

Así, el 27 de diciembre de 2018 emitimos una Resolución en la que le concedimos un término final e improrrogable de 60 días para que acreditara que cumplió con los requisitos del PEJC. Además, le requerimos que actualizara su información en el RUA.[2]

Esta última Resolución fue notificada mediante correo electrónico, según consta en el RUA. Al día de hoy, el licenciado Dapena Thompson no ha comparecido.

---

[1] *Resolución* de 19 de diciembre de 2017.

[2] *Resolución* de 27 de diciembre de 2018.

## II

## Incumplimiento con las órdenes emitidas por este Tribunal

El Código de Ética Profesional dispone las normas mínimas de conducta que rigen a los miembros de la profesión legal.[3] El propósito de dicho cuerpo legal es promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia.[4] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[6] Dicha norma también rige la conducta que los abogados deben observar hacia los requerimientos del PEJC.[7]

---

[3] In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

[4] In re Espino Valcárcel, 199 DPR 761, 766 (2018).

[5] In re López Méndez, 196 DPR 956, 960-961 (2016).

[6] In re Bryan Picó, 192 DPR 246, 251 (2015).

[7] In re Gerardo de Jesús Annoni, 2018 TSPR 206, 201 DPR __ (2018).

Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[8]

De otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, dispone lo siguiente: "Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". El incumplimiento con lo anterior podrá conllevar la imposición de sanciones, incluso sanciones de índole disciplinario.[9] Ello, toda vez que incumplir con dicha obligación obstaculiza el ejercicio de nuestra función disciplinaria.[10]

### III

En el caso ante nuestra consideración, a pesar de las oportunidades concedidas al licenciado Dapena Thompson, éste ha incumplido con lo ordenado. No podemos permitir que el licenciado Dapena Thompson haya ignorado las Resoluciones emitidas por este Tribunal. Ello constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*.

---

[8] In re Vélez Rivera, supra, pág. 592.

[9] In re Bryan Picó, supra, pág. 252.

[10] In re Toro Soto, 181 DPR 654, 661 (2011).

Por otro lado, el licenciado Dapena Thompson tampoco cumplió con el deber de actualizar sus datos en el RUA, lo que provoca una violación a la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del Lcdo. José S. Dapena Thompson de la práctica de la abogacía.

El licenciado Dapena Thompson deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** inmediatamente esta Opinión *Per Curiam* y Sentencia a través del **correo electrónico** y vía **correo certificado** con acuse de recibo a la dirección que surge del RUA.

Además, **notifíquese** vía **correo certificado** con acuse de recibo a las siguientes direcciones:

1. 5975 Sunset Drive Miami, FL 33030.

2. 5975 Sunset Drive Suite 102 Miami, FL 33143, y

3. al **correo electrónico**: JDThompson@dapenalaw.com.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

José S. Dapena Thompson

TS-2755

**SENTENCIA**

San Juan, Puerto Rico, a 17 de abril de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la **suspensión inmediata e indefinida** del Lcdo. José S. Dapena Thompson de la práctica de la abogacía.

El licenciado Dapena Thompson deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** inmediatamente esta Opinión *Per Curiam* y Sentencia a través del **correo electrónico** y vía **correo certificado** con acuse de recibo a la dirección que surge del RUA.

Además, **notifíquese** vía **correo certificado** con acuse de recibo a las siguientes direcciones:

4. 5975 Sunset Drive Miami, FL 33030.
5. 5975 Sunset Drive Suite 102 Miami, FL 33143, y
6. al **correo electrónico**: JDThompson@dapenalaw.com.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón, no interviene. La Juez Asociada señora Rodríguez Rodríguez, no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo