EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Dinorah Burgos García | 2020 TSPR 58 204 DPR _____ |
|---|---|

Número del Caso:  AB-2017-0207
                  (TS-9,232)


Fecha:  15 de julio de 2020


Abogada de la promovida:

         Por Derecho Propio


Oficina de Inspección de Notarías:

         Lcdo. Manuel E. Ávila De Jesús
         Director


Oficina del Procurador General:

         Lcda. Lorena Cortés Rivera
         Subprocuradora General

         Lcdo. Pedro A. Vázquez Montijo
         Subprocurador General

         Lcda. Gisela Rivera Matos
         Procuradora General Auxiliar


Materia:  La suspensión será efectiva el 22 de julio de 2020, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re: <br><br> Dinorah Burgos García <br><br> TS-9,232 | AB-2017-0207 |  |

*PER CURIAM*

En San Juan, Puerto Rico, a 15 de julio de 2020.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica por no cumplir con los requerimientos de este Tribunal.

I.

La Lcda. Dinorah Burgos García (licenciada Burgos García) fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y a la práctica de la notaría el 16 de agosto de 1999. El proceso disciplinario de epígrafe[1] surgió como consecuencia de una Queja presentada por la Sra. Nitza E. Marrero Martínez y la Sra. Morayma E. Marrero Martínez (promoventes) el 12 de julio de 2017 en la Secretaría del Tribunal Supremo. Estas alegaron que su madre la Sra. Norma E. Martínez Bermúdez (señora Martínez Bermúdez), ya fallecida, contrató a la licenciada Burgos García para

---

[1] Señalamos que la Lcda. Dinorah Burgos García tiene pendiente un trámite disciplinario con respecto a la Queja AB-2018-0266.

realizar unas gestiones. En específico, se le contrató para realizar: (1) la Planilla del Caudal Relicto del Sr. Ángel Marrero Pérez (señor Marrero Pérez); (2) la Escritura de Cesión de Bienes Hereditarios a favor del Sr. Ángel Marrero Martínez (señor Marrero Martínez); (3) la Instancia de la Propiedad; (4) Solicitud de Cambio de Dueño en el Centro de Recaudaciones de Ingresos Municipales (CRIM); y, (4) la presentación de la Escritura de Cesión de Bienes Hereditarios.

Según alegan las promoventes ambas vivían en los Estados Unidos y luego de transcurridos aproximadamente dos (2) años, en el año 2015, le solicitaron a la licenciada Burgos García una factura y los recibos de pagos para saber el estatus del trabajo por la cual fue contratada. En la factura se detallaba los gastos legales por la otorgación de una Escritura de Cesión de Bienes Hereditarios, entre otros. En los recibos de pagos surgía el depósito de una Instancia y de una Planilla de Caudal Relicto. Alegaron que en julio de 2016 se hizo la Escritura de Cesión de Bienes Hereditarios y la licenciada Burgos García les indicó que no tenían que hacer alguna otra gestión.

Las promoventes sostuvieron que completaron el pago de las gestiones y que luego del fallecimiento de la señora Martínez Bermúdez en diciembre de 2016, estas trataron de comunicarse con la licenciada Burgos García sin éxito alguno. Exponen que no fue hasta que se comunicaron con la Oficina de Inspección de Notarías (ODIN), que lograron que

la letrada se comunicara con ellas. Alegaron que la licenciada Burgos García les informó que había un error en la Planilla de Caudal Relicto y que estaba esperando a que le contestaran. Las promoventes indicaron que le solicitaron los documentos que todavía estaban en poder de la letrada pero que esta les indicó que esperaran a que pudiese cerrar el caso.

El 7 de julio de 2017, las promoventes se comunicaron con el Departamento de Hacienda y les informaron que no aparecía nada bajo el nombre de su padre el Sr. Ángel M. Marrero Pérez ni bajo el Seguro Social de este. El 10 de julio de 2017, trataron de comunicarse con la licenciada Burgos García y al no recibir respuesta presentaron la Queja de autos.

El 8 de marzo de 2019, la licenciada Burgos García[2] presentó su *Contestación a Queja* y en la misma expuso que la señora Martínez Bermúdez le contrató para varios asuntos que fueron atendidos. Indicó que mantuvo informada a la señora Martínez Bermúdez y que le requirió una certificación del CRIM sobre la propiedad a nombre del señor Marrero Pérez. La letrada alega que le notificó a la señora Martínez Bermúdez que existía una deuda pendiente de pago ante el CRIM y la

---

[2] El 11 de mayo de 2017 mediante Opinión *Per Curiam* y Sentencia suspendimos indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Dinorah Burgos García. Véase, *In re Burgos García*, 198 DPR 50 (2017). El 8 de agosto de 2017, mediante *Resolución* ordenamos el archivo administrativo de la Queja AB-2017-0207 en vista de que la licenciada Burgos García había sido suspendida indefinidamente de la profesión legal. Mediante *Resolución* de 1 de marzo de 2019, ordenamos su reinstalación a la práctica de la abogacía y la notaría, **así como la reactivación de las Quejas pendientes en contra de la licenciada Burgos García.**

necesidad de obtener una certificación negativa de deuda para completar el proceso. La licenciada Burgos García expuso que durante el proceso se enteró que se había contratado a otra abogada, pero nunca se le notificó entregar el expediente. Por último, indicó que las promoventes le informaron a la Lcda. Gloria Rivera Carrero[3] que la señora Martínez Bermúdez había fallecido.

El 29 de marzo de 2019 mediante Resolución le concedimos un término de veinte (20) días a las promoventes para que comparecieran y se expresaran sobre la *Contestación a Queja* presentada por la licenciada Burgos García. El 22 de abril de 2019, las promoventes presentaron su comparecencia por escrito y refutaron las alegaciones de la letrada. Indicaron que la licenciada Burgos García se comunicaba tanto con la señora Martinez Bermúdez como con ellas. Expusieron que fue por la insistencia de ellas que la letrada les proveyó una factura por los servicios contratados. Además, obtuvieron una copia de la Escritura de Cesión de la ODIN e indicaron por primera vez que la descripción del bien inmueble no correspondía a la propiedad del señor Marrero Pérez. Las promoventes negaron la existencia de una deuda con el CRIM y con el Departamento de Hacienda. Por otra parte, aseveraron que le solicitaron a la licenciada Burgos García que realizara todas las gestiones para completar el trámite por la cual fue contratada. Se les indicó por parte de la letrada

---

[3] La Lcda. Gloria Rivera Carrero estaba asistiendo a la Lcda. Dinorah Burgos García en el proceso de subsanación de su obra protocolar durante el periodo en que se encontraba suspendida de la profesión de la notaría.

que esto iba a tener un costo adicional a lo que las promoventes accedieron. Indicaron que la señora Martínez Bermúdez estando en el hospital trató de comunicarse con la licenciada Burgos García sin éxito. Alegaron que el 12 de enero de 2017, la Lcda. Patricia García Fonseca (licenciada García Fonseca) le envió a la letrada un correo electrónico para que se comunicara y entregara los documentos y el expediente. Expresaron que fueron contactadas por parte de la asistente de la letrada para que se corrigiera la Escritura de Cesión y para que se les proveyera el nombre de su nueva representación legal. Por último, aceptaron que le indicaron que no era necesario hacer tal corrección y solicitaron la entrega del expediente.

El 2 de mayo de 2019 referimos la Queja de epígrafe a la ODIN y a la Oficina del Procurador General (Procurador General). El 13 de junio de 2019 compareció el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN mediante *Informe* y en extrema síntesis expuso que la licenciada Burgos García no actuó con la diligencia esperada en la tramitación de los asuntos que le fueron encomendados y que asumió voluntariamente. A esta conducta se añade la falta de cuidado y diligencia en su desempeño notarial. En atención a las latentes violaciones de la promovida a la fe pública notarial consagrada en el Art. 2 de la Ley Notarial, 4 LPRA sec. 2002, y a los Cánones 18, 19, 20, 35 y 38 del Código Ética Profesional, 4 LPRA Ap. IX, la ODIN recomendó la suspensión inmediata e indefinida del ejercicio de la notaría de la

licenciada Burgos García.

El 1 de noviembre de 2019, la licenciada Burgos García presentó *Moción en Oposición a Informe* y expuso sus objeciones al Informe presentado por la ODIN. En extrema síntesis aduce que esta no fue contratada por la señora Martínez Bermúdez para la elaboración y presentación de una escritura de cesión de bienes hereditarios del señor Marrero Pérez. Sostuvo que la señora Martínez Bermúdez compareció a su oficina con su hijo, el señor Marrero Martínez para la preparación de un Poder General para designar como apoderada a su madre, la señora Martínez Bermúdez, para que se hiciera cargo del trámite relacionado con la herencia del señor Marrero Pérez. Según indica la letrada, solicitaron orientación sobre el proceso para realizar la Planilla de Caudal Relicto. La letrada alega que en ningún momento se comunicó con las promoventes sobre la forma y manera que estaría proveyendo sus servicios. Por otra parte, indicó que si las promoventes hubiesen accedido al llamado realizado para corregir y completar los asuntos pendientes todo se hubiera podido resolver.

Luego de varios trámites, el Procurador General presentó el *Informe del Procurador General* el 25 de noviembre de 2019. En la misma expuso que la licenciada Burgos García no fue diligente y no actuó de forma correcta al incluir una propiedad, que para la fecha de la otorgación no era parte del caudal hereditario, en la Escritura de Cesión de Bienes Hereditarios. Según el Procurador General, la licenciada

Burgos García tenía conocimiento de este error y debido a su falta de cuidado incluyó en dicha Escritura la propiedad errónea. Asimismo, fue contratada y cobró por una Planilla de Caudal Relicto que nunca realizó. En cuanto a la falta de comunicación la licenciada Burgos García aceptó que no se comunicó con las promoventes, incluso posterior al fallecimiento de la señora Martínez Burgos. En cuanto al historial previo de la licenciada Burgos García, el Procurador General expone que esta había sido suspendida el 18 de mayo de 2017 por incumplimiento con las órdenes de este Tribunal y al ser reinstalada **se reactivaron seis (6) Quejas, adicionales a la de autos, en su contra**. Por lo tanto, el Procurador General determinó que la licenciada Burgos García violó los Cánones 18, 19, 20 y 23 del Código de Ética Profesional, *supra* y nos recomendó su suspensión indefinida de la abogacía y la notaría.

El 2 de diciembre de 2019, la licenciada Burgos García solicitó mediante una moción un término de treinta (30) días para expresarse en torno al Informe presentado por el Procurador General. El 20 de diciembre de 2019, mediante Resolución, le concedimos un término de veinte (20) días a la licenciada Burgos Garcia. No obstante, la letrada no compareció por lo que incumplió con nuestra Resolución del 20 de diciembre de 2019.

Expuesto el marco de hechos que precede, pasemos a discutir los fundamentos por los cuales decretamos la

suspensión de la abogacía y la notaría de la licenciada Burgos García.

II

El Canon 9 del Código de Ética Profesional, dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. El Canon 9 del Código de ética, *supra*, le requiere a los abogados que empleen estricta atención y obediencia a las órdenes de este Tribunal. *In re Juan L. Rodríguez Quesada*, 195 DPR 967 (2016). Los abogados y abogadas deben de atender las órdenes de este Tribunal con premura y diligencia, específicamente, cuando las mismas se emiten como parte de un trámite disciplinario. *In re López Santiago*, 199 DPR 797, 808 (2018). Este Tribunal se ha visto obligado a suspender abogados por mostrar una actitud de indiferencia y dejadez con relación a nuestros mandatos y no acogerse a los preceptos que emergen de ese canon. In re Alejandro Zúñiga, 198 DPR 504, 507 (2017). Reiteradamente hemos hecho el llamado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9. *In re Dapena Thompson*, 2019 TSPR 76, 201 DPR ___ (2019); *In re López Santiago*, supra, pág. 808. El asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola el Canon 9. *In re Quintana Reyes*, 2019 TSPR 143, 203 DPR __ (2019); *In re Figueroa Cortés*, 196 DPR 1, 3 (2016).

III

Tras evaluar minuciosamente el escenario fáctico ante nuestra consideración, determinamos que la licenciada Burgos García transgredió el Canon 9 del Código de Ética Profesional, *supra*, al no cumplir con nuestras órdenes. Este Tribunal le concedió a la Lcda. Dinorah Burgos García la oportunidad para que compareciera ante nos y se expresara sobre el *Informe del Procurador General*. De lo anterior, resulta claro que la letrada no ha asumido su rol de emplear estricta obediencia en cuanto a este asunto y nos obliga a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Con su actuación, la licenciada Burgos García relegó su responsabilidad de regirse por el Código de Ética Profesional, el cual exige diligencia a quienes ejercen la profesión jurídica. En vista de lo anterior, nos vemos en la obligación de suspenderla inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

IV.

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Dinorah Burgos García del ejercicio de la abogacía y la notaría. Se archivan administrativamente las Quejas Núm. AB-2017-0207 y Núm. AB-2018-0266.

Se le impone a la Sra. Dinorah Burgos García el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y a devolverles cualesquiera

honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. La señora Burgos García deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia. Así mismo, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por la señora Burgos García durante el periodo en que la misma estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Dinorah Burgos García

TS-9,232

AB-2017-0207

SENTENCIA

En San Juan, Puerto Rico, a 15 de julio de 2020.

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Dinorah Burgos García del ejercicio de la abogacía y la notaría. Se archivan administrativamente las Quejas Núm. AB-2017-0207 y la Núm. AB-2018-0266.

Se le impone a la Sra. Dinorah Burgos García el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y a devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. La señora Burgos García deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia. Así mismo, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por la señora Burgos García durante el periodo en que la misma estuvo vigente.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo